**William and Rose LOVALLO**

v.

**PITTSBURGH CORNING CORP., et al.**

Civ. A. No. 82–2182.

United States District Court,
E.D. Pennsylvania.

Oct. 24, 1983.

Edward J. David, John C. Janos, Philadelphia, Pa., for Pittsburgh Corning.

Arthur Maradon, Katherine L. Shine, Philadelphia, Pa., for Raymark Industries, Inc.

### MEMORANDUM OPINION

Before WEINER, CAHN and POLLAK, District Judges.

WEINER, District Judge.

This action comes before this three-judge panel constituted by order of the Chief Judge of this district dated August 25, 1983 for the purpose of ruling on the motions of defendants Raymark Industries, Inc. ("Raymark") and Pittsburgh Corning Corp. ("PCC") for leave to file a third-party complaint against the United States of America.[1] For the reasons that follow, the motions are denied.

The issue presented is purely procedural in nature. The ruling is within the sound discretion of the court. Pursuant to Rule 14 of the Federal Rules of Civil Procedure and Rule 22 of the Local Rules of Civil Procedure, PCC and Raymark seek to file a third-party complaint in this asbestos case to institute third-party claims against the USA under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, the Tucker Act, 28 U.S.C. § 1346(a)(2) and admiralty and maritime jurisdiction. They generally allege that the USA is liable to them for indemnity and/or contribution on theories of negligence, strict products liability and breach of warranty as well as contractual indemnification.

The original complaint in this case was filed May 1, 1982. PCC filed its answer August 2, 1982 and Raymark filed its answer August 30, 1982. It was not until June 23, 1983 that PCC filed its motion for leave to file the third-party complaint. Raymark filed its motion on August 4, 1983.

---

1. The Celotex Corp., Fibreboard Corp., Pacor, Inc. and Eagle-Picher Industries, Inc. joined in the motions and generally adopted the arguments of PCC.

The applicable procedural rule establishes the following time limit:

Rule 14. Third Party Practice

(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. *The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer.* Otherwise he must obtain leave on motion upon notice to all parties to the action.

Rule 14 of the Federal Rules of Civil Procedure (emphasis supplied).

Because the defendants did not file their third-party complaint within the 10 day time limit established under Rule 14, Local Rule 22(a) came into play. That rule provides:

Rule 22 Time of Motion to Join Third Party

(a) Applications pursuant to F.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule *will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer.* If it is made to appear, to the satisfaction of the court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice.

Rule 22(a) of the Local Rules of Civil Procedure (emphasis supplied).

As clearly stated, Local Rule 22(a) provides the standard by which leave to join should be granted beyond ninety days after service of the moving party's answer, as is the situation presented *sub judice.* If (1)

the identity of the party sought to be joined or (2) the basis for joinder could not, with reasonable diligence, have been ascertained within the ninety day time period, then the court may grant a "*brief* further extension."

The moving parties have made little effort to persuade this court that granting leave to file the complaint almost one year after they served their original answers is warranted in this case. Relying on an argument that a trial date has not been set in several of the asbestos cases in which similar motions have been filed,[2] particularly cases in which Johns-Manville is a defendant, the defendants contend that no prejudice would inure to the plaintiffs by granting the motion.

With little regard for the local rule to which this court must look for the disposition of the pending motion, the defendants turn to Rule 14 for support of their argument that the FTCA would encourage the use of third-party litigation against the government. Whether or not that is the case misses the mark. The defendants simply fail to assert any reason for the delay.

It would be difficult for the defendants to argue that they either did not know the identity of the party they seek to join or the basis for the joinder. In cases appended to PCC's brief, which brief was adopted by Raymark, such motions to join the USA were granted as early as December 10, 1981, *Bush et al. v. Johns-Manville Sales Corp. et al.,* C.A. No. 79–0382 (D.Haw. Dec. 10, 1981) (motion of Raymark granted) and June 17, 1982, *Kanemori v. Johns-Manville Sales Corp. et al.,* C.A. No. 80–0464 (D.Haw. June 17, 1982) (motion of PCC granted).

Denial of the motion will not leave the defendants without a means by which they may seek contribution and/or indemnity against the USA. As noted by them, there are administrative procedures in place that would accommodate such an action, if they are found liable in the case *sub judice. See* 28 U.S.C. § 2671 *et seq.*

---

**2.** Outstanding motions exist in numerous cases including *Martin* C.A. No. 80–0509, *Zeserman* C.A. No. 81–1295, *Kracke* C.A. No. 81–2951, *Panasci* C.A. No. 82–1135.

If Local Rule 22(a) is to have any meaning and if litigants are to be assured that, at some fairly definite point, they will know the parties against whom they shall be litigating, this court must not grant the motion of the defendants. It would be unfortunate precedent to do otherwise for it would eviscerate the force of the rule. The interests of justice are not disregarded by such a ruling.